```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

EAST COAST PLASTIC SURGERY, P.C. and
NORMAN MAURICE ROWE, M.D., M.H.A.,
P.C.,                                        MEMORANDUM & ORDER
                                             22-CV-5820 (EK)(CLP)
                    Plaintiffs,


              -against-


AETNA HEALTH AND LIFE INSURANCE
COMPANY,

                    Defendant.

--------------------------------------x
```

ERIC KOMITEE, United States District Judge:

The Court directed the parties to show cause as to why this case should not be transferred to the Southern District of New York. ECF No. 36. Having reviewed their responses, the Court concludes that this action should be transferred to the Southern District pursuant to 28 U.S.C. § 1404(a).

## I. Background

East Coast Plastic Surgery, P.C., is a professional corporation with principal offices in New Jersey. Am. Compl. ¶ 1, ECF No. 29. Norman Maurice Rowe, L.L.C., is a limited liability corporation with offices in Manhattan. *Id.* ¶ 2. Both corporations are solely owned by Norman Rowe, a doctor "whose domicile is New York State." *Id.* ¶¶ 1-2. Aetna is a subsidiary

of CVS Health, which is incorporated in Delaware and headquartered in Connecticut. *Id.* ¶ 3.

The plaintiffs allege that Aetna orally contracted to reimburse them for a bilateral reduction mammaplasty at "the 80th percentile of the reasonable and customary fee schedule." *Id.* ¶¶ 13-15. This contract allegedly emerged from a series of communications between the offices of the plaintiffs and Aetna. *Id.* ¶ 19. The complaint is silent as to the location of the Aetna employees who participated in these calls. The plaintiffs ultimately performed the surgery in question at a facility in New Jersey. *Id.* ¶¶ 78, 82.

The plaintiffs have brought more than two dozen similar claims against Aetna in the Eastern and Southern Districts of New York. Several of those cases remain pending in the Southern District.[1]

## II.  Discussion

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a).

---

[1] *See, e.g., Rowe v. Aetna Health & Life Ins. Co.*, No. 23-CV-1373 (S.D.N.Y. Feb. 17, 2023) (Garnett, J.); *Rowe v. Aetna Life Ins. Co.*, No. 23-CV-8297 (S.D.N.Y. June 12, 2023) (Schofield, J.); *Rowe v. Aetna Life Ins. Co.*, No. 23-CV-8512 (S.D.N.Y. June 14, 2023) (Stanton, J.); *Rowe v. Aetna Life Ins. Co.*, No. 23-CV-8514 (S.D.N.Y. June 20, 2023) (Liman, J.).

There is no dispute that this case could have been brought in the Southern District. So, the relevant question is whether a transfer of venue would promote convenience and justice. *Ahmed v. T.J. Maxx Corp.*, 777 F. Supp. 2d 445, 448 (E.D.N.Y. 2011). To answer that question, the Court may consider "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006).[2] The "pendency of related claims" in the transferee district also weighs in favor of transfer. *Teleprompter Corp. v. Polinsky*, 447 F. Supp. 53, 56 (S.D.N.Y. 1977); *accord Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 619 (2d Cir. 1968).

Given the proximity between the Eastern and Southern Districts, the convenience factors are neutral. *Ahmed*, 777 F. Supp. 2d at 449. And the plaintiff's choice of forum is not dispositive when, as here, the plaintiff files identical claims in several districts. *See Williams v. City of New York*, No. 03-

---

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

3

CV-5342, 2006 WL 399456, at *3 (S.D.N.Y. Feb. 21, 2006) (collecting authorities).

However, at least three other factors weigh in favor of transfer.  First, the "locus of operative facts" in this case is decidedly not in the Eastern District.  The defendant is not based here.  The offices from which the relevant phone calls emanated were in New Jersey and Manhattan.  And the disputed surgery took place in New Jersey.  Second, several near-identical cases remain pending in the Southern District.[3]  Third, no party argued that a transfer would be unjust.  Aetna did not object at all.  ECF No. 37.  Meanwhile, the plaintiffs stated only that venue was "proper" here, not that transferring the case to the Southern District would be *im*proper.  ECF No. 38.  In the end, the entire record — even after the order to show cause — reveals no relevant events occurring in this District at all.

### III. Conclusion

For the foregoing reasons, this action is transferred to the Southern District of New York pursuant to 28 U.S.C. § 1404(a).  The Clerk of Court is directed to transfer this case

---

[3] The fact that the Southern District cases involve different patients or surgical procedures is not relevant here.  The key consideration is that those cases involve "the same parties," the "same or very similar" underlying issues, and "nearly identical fact patterns."  See *Mastr Asset Backed Sec. Tr. 2007 v. WMC Mortg. LLC*, 880 F. Supp. 2d 418, 424 (S.D.N.Y. 2012).

4

to the Southern District.  The seven-day delay requirement of Local Rule 83.1 is hereby waived.

SO ORDERED.

                                              /s/ Eric Komitee
                                              ERIC KOMITEE
                                              United States District Judge

Dated:     July 21, 2025
          Brooklyn, New York